STATE, Respondent, v. YAGER, Appellant.

(223 N. W. 340.)

(File No. 6378. Opinion filed February 2, 1929.)

*Kirby, Kirby & Kirby*, of Sioux Falls, for Appellant.

*Buell F. Jones*, Attorney General, and *R. F. Drewry*, Assistant Attorney General, for the State.

MORIARTY, C. This is an appeal from a judgment committing the appellant to an indeterminate term in the penitentiary, and from an order overruling a motion in arrest of judgment. The judgment was entered upon a plea of guilty.

At the very outset of our consideration of this appeal we are confronted by a question of procedure. As the judgment was entered upon the plea, there was no evidence to be transcribed, and no requirement for the usual settled record including such transcript and the judgment roll; but, as the appeal is from a judgment, the judgment roll is a necessary part of record involved in the appeal.

Rule 32 of the rules of trial courts provides that, after the perfecting of an appeal in a criminal case, the clerk of the trial court shall transmit to the clerk of this court the papers constituting the record in the appeal. In this case there appears to have been an effort made to comply with this rule. As a result of such effort certain papers were transmitted, and have been filed by the clerk of this court; but the papers so transmitted bear no certificate made by either the trial judge or the clerk of the trial court. The respondent's brief, served and filed several months ago, directs particular attention to this fact, but no attempt has been made to remedy the defect.

An examination of the papers filed shows that they include a judgment signed by the trial judge, attested by the clerk of the trial court, and stamped as filed, and entered in the office of said

clerk, and we are justified in assuming that this is the judgment appealed from. With this judgment we find a number of other papers, some of which bear the filing stamp of the clerk of the trial court, but others of which bear no indorsement showing them to have been so filed, and we find no certificate of any kind made by either the trial judge or the clerk of the trial court. As we have stated, this lack of any certificate was called to the attention of appellant's counsel by the respondent's brief, and no attempt has been made to remedy that condition.

We are not called upon to decide whether the nature of this appeal requires a record to be settled and certified by the trial judge. The provisions of section 3148, Revised Code of 1919, plainly require that, in cases where a settled record is necessary, such record must be settled by an order of the trial court, and, where only a judgment roll is required to present the questions involved in the appeal, the clerk of the trial court must "annex to the papers so transmitted a certificate, under his hand and seal of the court from which the appeal is taken, certifying that they are original papers or copies as the case may be, and that they are transmitted to the Supreme Court pursuant to such appeal."

Respondent's brief calls attention to the fact that the papers actually filed in this court show that two informations (Nos. 33 and 34) were filed in the trial court, charging this defendant with the crime of grand larceny and that there is nothing before this court to show that the information transmitted by the clerk of the trial court is the information upon which the defendant entered his plea of guilty.

The rule requiring the transmission of the record in criminal cases and the statute requiring the record to be certified by the clerk were undoubtedly intended to give this court assurance that a full and true showing has been placed before it. In the absence of a substantial compliance with these requirements, nothing is presented for consideration by this court, and the judgment and order must be affirmed.

Being reluctant to decide this appeal upon technical grounds, we have examined the papers upon which appellant relies, and, for the purposes of this discussion, treating these papers as if properly authenticated, they show that the appeal is based upon grounds which are wholly technical and that appellant is not deprived of any

substantial right by being held to a substantial compliance with the requirements of law in the presentation of his appeal to this court.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.